<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUDSON NEWHALL, *on his own behalf and all similarly situated individuals*,<br><br>Plaintiff,<br><br>v.<br><br>CHASE HOME FINANCE LLC,<br><br>Defendant. | Civil Action No. 10-2749 (WJM)<br><br><u>**OPINION**</u> |

<u>**FALK, U.S.M.J.**</u>

Plaintiff Judson Newhall brings this putative collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 <u>et seq.</u>, as amended, seeking back wages for unpaid overtime from his former employer, Defendant Chase Home Finance LLC. Before the Court is Defendant's motion to transfer the case to the Middle District of Florida pursuant to 28 U.S.C. § 1404(a) [CM/ECF No. 10]. Plaintiff opposes the motion. For the reasons set forth below, Defendant's motion to transfer is **granted**.

**I. Background**

Plaintiff Judson Newhall is a resident of Florida (Nationwide Collective Action Compl. ("Compl.") ¶ 4 [CM/ECF No. 1]). Defendant Chase Home Finance LLC ("Chase") is a nationwide business with its principal place of business in Iselin, New Jersey (Pl. Judson Newhall's Mem. of Law in Opp. To Def.'s Mot. to Transfer Venue ("Pl.'s Opp.") [CM/ECF No. 21] Ex. 3). From March to December 2009, Plaintiff was employed as a bank loan officer by Chase in the area around Sarasota, Florida (Compl. ¶ 18; Defendant Chase Home

1

Finance LLC's Answer to Compl. ¶ 18-19 [CM/ECF No. 8]). Newhall avers that during this period of employment his position required work in excess of forty (40) hours each week (Compl. ¶ 20-22). He alleges that Defendant failed to properly compensate him for this time by misclassifying him as exempt from the overtime pay requirements of the Fair Labor Standards Act ("FLSA") (Pl.'s Opp. Ex. 2 ("Newhall Aff.") ¶¶ 21, 24; Compl. ¶ 21-22). Newhall also claims that colleagues with whom he worked were subject to the same work hours and similarly did not receive overtime pay (Newhall Aff. ¶ 22). Newhall directly reported to two lending managers (Notice of Def. Chase Home Finance LLC's Mot. to Transfer Venue ("Notice of Mot.") [CM/ECF No. 10] Attach. 3 ("Bazell Decl.") ¶ 3; Notice of Mot. Attach. 4 ("Cary Decl.") ¶¶ 3-5). He also had regular interaction with several branch managers (Bazell Decl. ¶¶ 5-6; Cary Decl. ¶ 8). These supervisors have personal knowledge and/or physical evidence regarding Plaintiff's employment, job hours, and compensation (Bazell Decl. ¶¶ 4, 6; Cary Decl. ¶¶ 6, 8). All currently reside in the Middle District of Florida (Bazell Decl. ¶ 2; Cary Decl. ¶¶ 3-5).[1]

Plaintiff asserts a single cause of action on his own behalf and for all others similarly situated under 29 U.S.C. § 207 for violation of the FLSA overtime compensation scheme (Compl. ¶¶ 28-44). Defendant "vigorously disputes" that the case should proceed as a collective action (Notice of Mot. Attach. 1 ("Def.'s Mot. to Transfer"), at 7). The Court has not yet certified the action as a collective suit.

On June 23, 2010, Defendant filed this motion to transfer venue to the Middle District of Florida pursuant to 28 U.S.C. § 1404(a) [CM/ECF No. 10]. It argues that transfer is warranted because the Middle District of Florida is more convenient for all parties given that

---

[1] One of the branch managers that supervised Newhall, Alex Gurin, no longer works for Chase. His current residence is not specified (Cary Decl. ¶ 8).

it was where the dispute arose, where the witnesses are located, and also because all of the factors that courts consider in a motion to transfer calculus heavily favor venue in Florida (Def. Mot. to Transfer 5-14).

That is not all. Just days after this motion was filed, Newhall entered into an arbitration agreement (the "Agreement") that contains a forum selection clause with JP Morgan Chase as a condition precedent to securing a new position as a personal banker (Def. Chase Home Finance LLC's Supplemental Mem. Of Law in Supp. of Its Mot. to Transfer Venue ("Def.'s Supp. Mot. to Transfer") [CM/ECF No. 18] Attach. 1 ("Kuranty Decl.") ¶¶ 3-6). The Agreement subjects "all employment-related claims" that Plaintiff "**[has]** or in the future may have against JPMorgan Chase," including those under "the Fair labor Standards Act of 1938" to final and binding arbitration (Kuranty Decl. Ex. B ("Arb. Agmt.") §§ 1-2). It further provides that arbitration will occur "in the state where [Plaintiff] currently or was most recently employed by the Firm"[2] (Arb. Agmt. § 6). That, of course, is Florida. Defendant argues that the Agreement compels transfer for a variety of reasons, including that district courts in Florida are the only courts with authority under the Federal Arbitration Act, 9 U.S.C. § 1 et seq., to order the agreed-to arbitration in Florida (Def.'s Supp. Mot. to Transfer 3-4). In correspondence dated October 22, 2010, Chase notified the Court that it has since moved before the Middle of District of Florida for an order compelling arbitration of this dispute pursuant to the agreement [CM/ECF No. 37].

Plaintiff opposes because he claims that the transfer balance is different in a collective action that potentially involves class members from other states (Pl.'s Opp. 4-6).

---

[2] "Firm" is defined in the preamble of the agreement as "JPMorgan Chase & Co. and all of its direct and indirect subsidiaries" (Arb. Agmt. pmbl.). The Corporate Disclosure Statement filed by Chase Home Finance LLC in this case identifies JPMorgan Chase & Co. as one of its parent companies [CM/ECF No. 9].

He also maintains that the claim in this case falls outside the scope of the arbitration agreement because it was entered into with a different employer than Chase Home Finance LLC,[3] and only covers claims relating to his new position (Pl. Opp. 15-16).

## II.  Discussion

### A.  Transfer of Venue

Section 1404(a) of the Judicial Code confers federal courts with authority to transfer a case to another district "where it may have been brought," when doing so is "in the interest of justice" or serves "the convenience of parties and witnesses." 28 U.S.C. § 1404(a). The decision to transfer a case under § 1404(a) rests within the sound discretion of a district court. See, e.g., Plum Tree, Inc. v. Stockment, 488 F.2d 754, 756 (3d Cir. 1973); Cadapult Graphic Sys., Inc. v. Tektronix, Inc., 98 F. Supp. 2d 560, 564 (D.N.J. 2000).

### B.  Adequate Transferee Forum

The venue statute itself limits transfer to a district or division "where [the case] may have been brought." 28 U.S.C. § 1404(a). One may bring suit in another district only if that district would be a proper venue for the action and that forum is capable of asserting subject matter jurisdiction over the claims and in personam jurisdiction over the defendants. See Yang v. Odom, 409 F. Supp. 2d 599, 604 (D.N.J. 2006) (citations omitted); Osteotech, Inc. v. GenSci Regeneration Scis., Inc., 6 F. Supp. 2d 349, 357 (D.N.J. 1998). Since it is undisputed

---

[3] Defendant maintains that Newhall was employed as a bank loan officer in 2009 by JPMorgan Chase Bank, N.A., the Ohio entity that currently employs Newhall, and not Chase Home Finance LLC (Kuranty Decl. ¶ 7). This distinction ultimately makes no difference. The agreement's definition of "Firm," supra note 2, makes it indisputable that the arbitration clause covers claims against Chase Home Finance LLC (Def. Chase Home Finance LLC's Reply Mem. Of Law in Further Supp. of Mot. to Transfer ("Def.'s Reply") [CM/ECF No. 26], at 3).

that the case could have been brought in the Middle District of Florida, Plaintiff concedes this point (Pl.'s Opp. 6).

### C. Balance of Interests

The transfer provision itself identifies three criteria for a court to take into consideration: convenience of parties, convenience of witnesses, and the interests of justice. 28 U.S.C. § 1404(a). In Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995), the Third Circuit expounded a more comprehensive list of public and private concerns implicated by § 1404(a). Private concerns include but are not limited to: (1) plaintiff's original choice of venue; (2) defendant's forum preference; (3) where the claim arose; (4) convenience to the parties in light of their financial and physical condition; (5) availability of witnesses in each of the fora; and (6) the location of books and records. Id. Public concerns include but are not limited to: (1) the ability of each forum to enforce the judgment; (2) practical considerations that would make trial more expeditious or inexpensive; (3) court congestion; (4) local interest in deciding the controversy; (5) public policies of each fora; and (6) familiarity with state law in diversity cases. Id.

Plaintiff questions whether the Jumara framework takes into account the claims of putative class members. However, only allegations from the named parties in a putative collective action under the FLSA, much like a class action under Fed. R. Civ. P. 23, are relevant in assessing venue. See Tahir v. Avis Budget Grp., Inc., No. 09-3495, 2009 WL 4911941, at *2 (D.N.J. Dec. 14, 2009) (quoting Cook v. UBS Fin. Servs., Inc., No. 05-8842, 2006 WL 760284 (S.D.N.Y. Mar. 21, 2006)); Smith v. Burlington N. Santa Fe Ry. Co., at *2 (D. Kan. Nov. 1, 2006); see also Charles Alan Wright et al., Federal Practice and Procedure § 1757 (3d ed. 2010) ("[O]nly the residence of the named parties [in a class action] is relevant

5

for determining whether venue is proper."). Indeed, any forecasts about the size, location, or evidence relating to the putative class is speculative because the Court has not yet certified this case to proceed as a collective action.

### 1. Private Factors

#### (i) Choice of Forum

A plaintiff's initial choice of venue is entitled to due consideration. Shutte v. Armco Steel Co., 431 F.2d 22, 24 (3d Cir. 1970), cert. denied, 401 U.S. 910 (1971) (citation omitted). This is particularly true when the plaintiff selects their home forum. Sandvik, Inc. v. Continental Ins. Co., 724 F. Supp. 303, 307 (D.N.J. 1987) (quoting Piper Aircraft Co. v. Reyno, 545 U.S. 235, 255 (1981)). However, this choice merits less weight when a plaintiff initiates suit in a foreign forum. See Ricoh Co. v. Honeywell, Inc., 817 F. Supp. 473, 480 (D.N.J. 1993). A resident of Florida, Plaintiff's decision to bring suit in New Jersey is entitled to little deference.

Defendant suggests that New Jersey was chosen only after Plaintiff's counsel was involved in a public feud with the federal bench for the Middle District of Florida (Mot. to Transfer 8 n.2). Several news articles attached to Defendant's papers report that plaintiff's counsel faced sanctions for failing to meet a large number of scheduling orders issued by the Middle District of Florida after flooding the courts with FLSA wage-and-hour cases (Notice of Mot. Attach. 2, Exs. A-C). Section 1404(a) is specifically designed to prevent tactical advantages that are achieved through forum shopping. See Yang v. Odom, 409 F. Supp. 2d 599, 605 (D.N.J. 2006); see also, Iragorri v. United Tech. Corp., 274 F.3d 65, 71-72 (2d Cir. 2001); In re Tripati, 836 F.2d 1406, 1407 (D.C. Cir. 1988). Although the Court draws no conclusions about the motivations of Plaintiff's counsel for bringing suit in New Jersey,

6

Defendant's argument underscores that forum choice is a relatively unimportant consideration here.

### (ii)  Where the Claim Arose

Courts also give less weight to a plaintiff's forum preference when he chooses a forum that has little connection to the operative facts of a case. See Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 521 (D.N.J. 1998); Honeywell, 817 F. Supp. at 481-82; Amer. Tel. & Tel. Co. v. MCI Commc'ns Corp., 736 F. Supp. 1294, 1306 (D.N.J. 1990) (citations omitted). Plaintiff's claim arose in Florida. It is unclear, however, whether the case has any connection with New Jersey.

The only asserted connection to New Jersey is that it is Defendant's principal place of business. However, Plaintiff's 2009 W-2 form, submitted by Defendant in further support of its motion, lists "JPMorgan Chase Bank" as his employer—not Chase Home Finance LLC (Def.'s Reply Attach. 1, Ex. 1). Defendant has consistently maintained that JPMorgan Chase Bank, N.A. was Newhall's employer throughout 2009 (Kuranty Decl. ¶ 7). JP Morgan Chase Bank, N.A. is an Ohio company (Def.'s Reply Attach. 2 ("Linthorst Decl."), Ex. C).

Plaintiff's primary argument against transfer is that Newhall's pay structure was part of a nationwide scheme put in place by high-level management at his employer's headquarters. However, Plaintiff fails to identify a single witness or document connecting his claim to New Jersey (Def. Reply 9). The converse appears more likely—that the overtime pay practices for loan officers were somewhat localized. Cf. Ring v. Roto-Rooter Servs. Co., No. 1:10-cv-179, 2010 WL 3825390, at *5 (S.D. Ohio Sept. 28, 2010) (refusing to find that action arose in forum where defendant maintains corporate headquarters under Title VII venue statute on basis of unsubstantiated speculation of nation-wide policy); Cook v. UBS

Fin. Servs., Inc., No. 05-Civ.-8842, 2006 WL 760284, at *3-4 (S.D.N.Y. Mar. 21, 2006) (same); Robison v. Potter, No. 04-890, 2005 WL 1151429, at *4 (D.D.C. May 16, 2005) (same); Donnell v. Nat'l Guard Bureau, 568 F. Supp. 93, 94 (D.D.C. 2002) (same).

Even if the Court were to accept Plaintiff's "nation-wide policy" argument, it does not follow that the decision was made in New Jersey. The corporate disclosure statement indicates that Chase Home Finance LLC is a wholly-owned subsidiary of Chase Home Finance, Inc., which in turn is a wholly-owned subsidiary of JPMorgan Chase Bank, N.A., which in turn is a wholly-owned subsidiary of JPMorgan Chase & Co. [CM/ECF No. 9]. Of course, even if there is still some corporate policy and even if it originated in New Jersey, it is not a persuasive transfer consideration. Indeed, the material factual disputes in the case stem from Plaintiff's day-to-day employment hours and duties, which occurred in Florida, where he worked. The claim arose in Florida, which is likely where the evidence and witnesses are located.

### (iii)  Convenience of the Parties

All indications point to Florida as the most convenient forum. Defendant, a nationwide business already operating out of Florida, has convincingly demonstrated that Florida is more convenient for it and its employees with knowledge. Newhall is a Florida resident who suggests that he is "agreeable to travel to New Jersey" as necessary for this case (Newhall Aff. ¶ 7). But this argument merely speaks to Plaintiff's forum preference and does not in any way alter the reality that trial in Florida would be more convenient for Newhall, a Florida resident, both financially and logistically. Moreover, Defendant presents strong evidence that the true Defendant-in-interest is an entity based in Ohio, thus affording no convenience from venue in New Jersey (Def.'s Reply 8-10).

(iv)  Convenience of Witnesses and Access to Sources of Proof

Convenience of the witnesses and access to sources of proof are important considerations in the 1404(a) analysis. See Teleconference Sys. v. Proctor & Gamble Pharm., Inc., 676 F. Supp. 2d 321, 331 (D. Del. 2009). In examining access to sources of proof, this Court is mindful of the Supreme Court's admonition that "a district court must scrutinize the substance of the dispute between the parties" in order to evaluate what proof is required for plaintiff's cause of action and any potential defenses to it. Van Cauwenberghe v. Biard, 486 U.S. 517, 528 (1988) (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1945)). In this regard, Defendant has demonstrated that Florida would be far more convenient than New Jersey. Plaintiff's supervisors are located there, as are the records of his employment. Unlike Plaintiff's speculation about decisions from corporate headquarters (the location of which is disputed), Defendant has identified specific witnesses and documents currently located in the Middle District of Florida (Notice of Mot. Attachs. 3-4).

(v)  Availability of Compulsory Process

Finally, the availability of process to compel the attendance of unwilling witnesses in Florida further supports transfer. Compulsory process over potential witnesses is perhaps the single most important factor in a 1404(a) analysis. See Teleconference Sys., 676 F. Supp. 2d at 333 (citing In re Genentech, Inc., 566 F.3d 1338 (Fed. Cir. 2009)); In re Consolidated Parlodel Litig., 22 F. Supp. 2d 320, 324 (D.N.J. 1998). In deciding a motion to transfer, courts often distinguish between party and non-party witnesses. See Nat'l Prop. Investors VIII v. Shell Oil Co., 917 F. Supp. 324, 329 (D.N.J. 1995) (citations omitted). Party witnesses carry less weight because they are presumed as willing to testify in either forum, even if it may be inconvenient. See Liggett Grp., 102 F. Supp. 2d at 534 n.19. Non-party

9

witnesses, on the other hand, may be compelled to attend only by the subpoena power of federal courts. See Fed. R. Civ. P. 45(b)(2) (limiting the federal subpoena power to within 100 miles of the courthouse). A forum's inability to reach non-party witnesses outside of this radius is therefore an important factor weighing against transfer. See LG Elecs., Inc. v. First Int'l Computer, Inc., 138 F. Supp. 2d 574, 590-91 (D.N.J. 2001). Newhall's direct supervisors from the bank branches in which he worked, however, are not corporate officers and may be considered non-parties residing in Florida. At least one such supervisor is no longer employed with Chase. Supra note 1. The inability of this Court to compel the attendance of the Florida witnesses is a factor that strongly weighs in favor of transfer to Florida.

### 2.  Public Factors

Several public factors favor transfer to the Middle District of Florida as well.

#### (i)  Local Interest

Florida has a stronger local interest in this action than New Jersey. The Third Circuit has instructed courts to ascertain the "'locus of the alleged culpable conduct, often a disputed issue, and the connection of that conduct to plaintiff's chosen forum.'" Lacey I, 862 F.3d 38, 48 (3d Cir. 1988) (quoting Van Cauwenberghe, 486 U.S. at 528). Florida has a clear and direct connection. Plaintiff worked in Florida. The failure to pay Plaintiff overtime occurred in Florida. Records, documents, and witnesses concerning the nature of his work are located in Florida. Plaintiff claims that colleagues he worked with were treated similarly. Florida, therefore, has a much greater interest in the disposition of this case than does New Jersey. See Tischio, 16 F. Supp. 2d at 526; Honeywell, 817 F. Supp. at 486.

#### (ii)  Expeditious and Cost-Effective Trial / Court Congestion

It is also likely the case will proceed more quickly in the Middle District of Florida, should it remain in federal court. First, the Middle District of Florida recently imposed an omnibus scheduling order for all FLSA cases, partially in response to the volume of wage-and-hour cases filed by Plaintiff's counsel (Mot. to Transfer 8 n.2). Transferring this case to a forum that is already so familiar with similar cases filed by Plaintiff's counsel that it has instituted a streamlined pretrial process for those actions would likely increase efficiency and reduce costs. Second, cases generally move to resolution much faster in the Middle District of Florida (Linthorst Decl. ¶ 5). While relative court congestion is not the most important 1404(a) factor, <u>Park Inn Int'l, L.L.C. v. Mody Enters., Inc.</u>, 105 F. Supp. 2d 370, 378 (D.N.J. 2000), it is still relevant in the transfer analysis.

### (iii)  The Arbitration Agreement

Transfer is clearly warranted in this case independent of the Agreement. However, the Agreement eliminates any doubt. First, the agreement incorporates a mandatory forum selection clause that identifies Florida as the exclusive forum for the resolution of all disputes between the parties. Forum selection clauses are uniformly upheld by courts in this Circuit. <u>See</u> <u>Salovaara v. Jackson Nat'l Life Ins. Co.</u>, 246 F.3d 289, 297-99 (3d Cir. 2001).

Second, there is a strong argument that only the Middle District of Florida can enforce the arbitration agreement entered into between Newhall and Chase. Contracts related to interstate commerce that contain an arbitration clause are subject to the Federal Arbitration Act ("FAA"). 9 U.S.C. § 2; <u>see also</u> <u>Crawford v. W. Jersey Health Sys. (Voorhees Div.)</u>, 847 F. Supp. 1232, 1240 (D.N.J. 1994) (requiring only "'the slightest nexus with interstate commerce.'" (quoting <u>Maxus, Inc. v. Sciacca</u>, 598 So. 2d 1376 (Ala. 1992))). The FAA authorizes federal courts to compel arbitration of all referable issues but limits the court's

11

power to the district in which it sits. See 9 U.S.C. § 4. When an arbitration agreement contains a forum selection clause, courts outside of that forum lack authority to order arbitration pursuant to the agreement. See Econo-Car Int'l, Inc. v. Antilles Car Rentals, Inc., 499 F.2d 1391, 1394 (3d Cir. 1974). Accordingly, the ability to enforce an arbitration agreement that contains a forum selection clause is an important public consideration that strongly supports transfer. See Optopics Labs. Corp. v. Nicholas, 947 F. Supp. 2d 817, 826 (D.N.J. 1996).[4] Defendant in the past few days has already moved before the Middle District of Florida for an order compelling arbitration of this dispute. The arbitration forum selection agreement underscores the need for transfer in this case.

### III.  Conclusion

For the reasons stated above, transfer is warranted in the interest of justice. The case will be transferred to the District Court for the Middle District of Florida. A separate Order accompanies this opinion.

s/ Mark Falk<br>
**MARK FALK**<br>
**United States Magistrate Judge**

Dated: October 28, 2010

---

[4] Plaintiff also argues that there is no authority recognizing that transfer is warranted on the basis of an arbitration agreement entered <u>after</u> a lawsuit is filed (Pl.'s Opp. 15). The Court finds this argument unavailing. It is not uncommon for an arbitration clause employing broad language to apply retroactively and cover claims that pre-date the agreement. See, e.g., Smith/Enron Congregation Ltd. v. Smith Congregation Int'l, Inc., 198 F.3d 88, 99 (2d Cir. 1999); Zink v. Merrill Lynch Pierce Fenner & Smith, Inc., 13 F.3d 330, 332 (10th Cir. 1993); Belke v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 693 F.2d 1023, 1028 (11th Cir. 1982), overruled on other grounds, Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213 (1985).